IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

KATHLEEN HUDEK                    :
370 Three Bridge Road             :
Monroeville, NJ 08343             :
        Plaintiff       :
                        :
v.                                :
                                  :
RELIANCE STANDARD                 :
LIFE INSURANCE COMPANY            :
2001 Market Street                :
Suite 1500                        :
Philadelphia, PA 19103            :
        Defendant       :   NO.:

## COMPLAINT

NOW COMES, the Plaintiff, Kathleen Hudek, by and through her Counsel, Pond, Lehocky, Giordano, LLP, and hereby complains of the above referenced Defendant, Reliance Standard Life Insurance Company (hereinafter referred to as "Reliance"), as follows:

**I.    STATEMENT OF JURISDICTION:**

1.    Jurisdiction is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e). This Honorable Court has jurisdiction over all issues raising a federal question and this instant matter involves a disability policy issued to the Claimant through her Employer, thus it is governed by the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. § 1011, et seq.

II. **VENUE:**

2. Specifically, under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §1132(e)(2):

a.) The Plan was administered through the Defendant's office located in Philadelphia, PA;

III. **FACTS:**

3. The Plaintiff, Kathleen Hudek, is an adult and competent individual with a physical address of 370 Three Bridge Road, Monroeville, NJ 08343.

4. The Defendant, Reliance, under information and belief, is a business entity with a place of business located at 2001 Market Street, Philadelphia, PA 19103.

5. Reliance is a business entity, which issues disability insurance policies governed by the Employee Retirement Insurance Security Act (ERISA), 29 U.S.C. §1011, et seq.

6. On a date certain, Reliance, issued a policy providing disability insurance benefits to the Plaintiff through the Plaintiff's employer.

7. The policy of insurance aforementioned provided for an employee benefit plan as defined and covered under the terms of ERISA.

8. At all times material and relevant hereto, all policy premiums due on

behalf of the Plaintiff under said policy were paid.

9. At all times material and relevant hereto, the Plaintiff performed all obligations required of her under said contract of insurance.

10. At all times material and relevant hereto, the Plaintiff was a qualified participant in the employee benefit plan provided by Reliance to the Plaintiff's employer under the aforementioned policy.

11. On a date certain, the Plaintiff filed an application for Long Term disability benefits with Reliance following the cessation of her employment as a Registered Nurse on August 3, 2021.

12. On a date certain, Reliance notified the Plaintiff that her claim was denied and that she was not entitled to benefits under the aforementioned policy.

13. The Plaintiff filed an administrative appeal and submitted additional medical records and opinions from her physician showing by substantial evidence that she cannot perform the material and substantial duties of her regular occupation.

14. On a date certain, Reliance denied the Plaintiff's administrative appeal. and informed the Plaintiff that she had exhausted her Administrative Remedies.

15. Reliance abused its discretion and acted in a manner serving only its own business interest when it denied the Plaintiff's claim for disability benefits.

16. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits was arbitrary, capricious and made in violation of 29

U.S.C. §1001, et seq.

17. The actions of Reliance in denying the Plaintiff's claim for disability insurance benefits are contrary to the language of the policy in question.

18. The Plaintiff is entitled to disability insurance benefits under the aforementioned policy as she has satisfied through medical evidence that she meets the definition of disability under the policy of insurance.

19. The Plaintiff is entitled to recover the benefits due to her under the aforementioned insurance policy in accordance with 29 U.S.C. §1132.

20. As a direct and proximate result of the actions of Reliance as herein above more particularly described, the Plaintiff has been caused to incur attorneys' fees in an amount not yet known.

21. As a direct and proximate result of the actions of Reliance, the Plaintiff has sustained damages in an amount not yet known to the Plaintiff; however, upon information and belief, such damages will approximate the amount of benefits due and owing to the Plaintiff from August 3, 2021 to the present and continuing into the future.

WHEREFORE, the Plaintiff, Kathleen Hudek, respectfully requests that judgment be entered against Reliance as follows:

1. Ordering Reliance to pay to the Plaintiff, Kathleen Hudek, long term disability insurance benefits from August 3, 2021 to the present and continuing into

the future as provided for in the policy of insurance;

    2.    Awarding the Plaintiff, Kathleen Hudek, prejudgment interest on the award until the date of judgment;

    3.    Awarding the Plaintiff's attorney's fees, court costs and other reasonable costs incurred for the prosecution of the instant action;

    4.    Granting such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

BY: _____

Michael J. Parker, Esquire

Pond, Lehocky, Giordano, LLP
One Commerce Square
2005 Market Street
18th Floor
Philadelphia, PA 19103
(215)568-7500